UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MANUEL JESUS PINGUIL LOJA,<br>    Petitioner,<br><br>v.<br><br>STEVEN SOUZA AND THOMAS M.<br>HODGSON,<br>    Respondents. | )<br>)<br>)<br>)  C.A. No. 18-10579-MLW<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                    April 4, 2018

Petitioner Manuel Jesus Pinguil Loja's counsel in this case are Adriana Lafaille, Esq., Matthew Segal, Esq., and Julio Cortes del Olmo, Esq. Ms. Lafaille was a student intern working about a day a week in my chambers from February to May 2010, and was one of my law clerks from September 2011 to September 2012.

Ms. Lafaille's participation in this case as a lawyer does not raise a question of whether I have a personal bias or prejudice against a party that would require my disqualification under 28 U.S.C. §455(b). Nor does my service in the Department of Justice as a Special Assistant to the Deputy Attorney General (1974), as a Special Assistant to the Attorney General (1975-1977), or as the Deputy United States Attorney for the District of Massachusetts (1981-1985) raise such a question.

28 U.S.C. §455(a) states that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." I described the standards generally

applicable to recusal under §455(a) in <u>United States v. Sampson</u>, 148 F. Supp. 3d 75, 79-80, 85-88 (D. Mass. 2015).

The appearance of a former law clerk before a judge does not ordinarily require recusal under §455(a). As the First Circuit has recognized, "[i]t is common knowledge in the profession that former law clerks practice regularly before judges for whom they once clerked." <u>In re Martinez-Catala</u>, 129 F.3d 213, 221 (1st Cir. 1997). Courts, however, often impose their own prophylactic rules that forbid a former law clerk from appearing in that court for a year or more after the clerkship. <u>Id.</u> For example, the United States Supreme Court prohibits former law clerks from participating in any case before it within two years of the termination of their employment. <u>See</u> Rule 7, Rules of the Supreme Court of the United States (Nov. 2017). The Court of Appeals for the First Circuit prohibits former law clerks from practicing or appearing before it for one year following their separation. <u>See</u> Local Rule 46(e), Rules of the First Circuit (Aug. 2017). These rules, as well as the Code of Conduct for Judicial Employees, however, require the disqualification of the former clerk, rather than the judge, if they are violated. <u>See</u> <u>Guide to Judiciary Policy</u>, Vol. 2A, Ch. 3, Code of Conduct for Judicial Employees, Canon 4(D). A one or two-year disqualification of the former clerk, rather than the judge he or she served, is the practice of many federal courts. <u>See</u>

United States v. Hollister, 746 F.2d 420, 425 (8th Cir. 1984) (citing A. DiLeo & A. Rubin, Law Clerk Handbook 57 (1977)).

As my clerks are informed, I require that they do not appear before me for two years after the conclusion of their clerkship. Ms. Lafaille's clerkship ended more than five years ago.

Since the conclusion of Ms. Lafaille's clerkship I have seen her occasionally in my chambers, at a reunion of my clerks, and at Judicial Conferences. I do not now believe that such contacts would cause, or contribute to causing, a reasonable person to question my impartiality in this case. As the Seventh Circuit has written:

> In today's legal culture friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community. Social as well as official communications among judges and lawyers may improve the quality of legal decisions. Social interactions also make service on the bench, quite isolated as a rule, more tolerable to judges. Many well-qualified people would hesitate to become judges if they knew that wearing the robe meant either discharging one's friends or risking disqualification in substantial numbers of cases. Many courts therefore have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer.

United States v. Murphy, 768 F.2d 1518, 1537-38 (7th Cir. 1985) (citing cases).

In view of the foregoing, I do not now perceive a basis for Ms. Lafaille's disqualification or mine pursuant to 28 U.S.C. §455(a) or (b).

3

Accordingly, it is hereby ORDERED that the parties shall confer and, in the previously-ordered April 5, 2018 report, state: (a) whether they believe my disqualification is required pursuant to 28 U.S.C. §455(a) and/or (b); whether they believe Ms. Lafaille's disqualification is required; and, in any event, (c) whether they wish to waive any §455(a) ground for my disqualification relating to Ms. Lafaille, pursuant to §455(e); or (d) that they need more time to consider the matter. If the parties wish to question me about this matter, they shall so state in their reports, and they will be allowed to defer responding to the foregoing questions until they are discussed at the beginning of the first hearing in this case.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE